**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2015

LETTER TO COUNSEL

      RE: *Kimberly Jarvis v. Commissioner, Social Security Administration*;
            Civil No. SAG-14-517

Dear Counsel:

      On February 21, 2014, Plaintiff Kimberly Jarvis petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

      Ms. Jarvis filed a claim for Disability Insurance Benefits ("DIB") on March 17, 2010. (Tr. 151–57). She alleged a disability onset date of April 30, 2008. (Tr. 151). Her claim was denied initially and on reconsideration. (Tr. 60–64, 68–74). A hearing was held on October 3, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 29–57). Following the hearing, the ALJ determined that Ms. Jarvis was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8–27). The Appeals Council denied Ms. Jarvis's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Jarvis suffered from the severe impairments of diabetic neuropathy, chronic lumbar strain, and right foot drop. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Jarvis retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant has the residual functional capacity to perform work at the sedentary exertional level that does not require climbing ladders, ropes or scaffolds; nor more than occasional climbing ramps/stairs, crawling, crouching, kneeling, stooping and balancing and limited to no more than a concentrated exposure to extreme cold and vibrations or more than a moderate exposure to hazardous machinery or unprotected heights.

*Kimberly Jarvis v. Commissioner, Social Security Administration*
Civil No. SAG-14-517
January 9, 2015
Page 2

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jarvis could perform her past relevant work as a data entry clerk, and that, therefore, she was not disabled. (Tr. 20–21).

Ms. Jarvis raises three arguments on appeal: (1) that the ALJ erred in evaluating the opinion of her treating physician, Dr. Zamfirov; (2) that the ALJ should have found her mental impairments severe; and (3) that the ALJ's assessment of her mental RFC was inadequate. Each argument lacks merit and is addressed below.

First, Ms. Jarvis argues that the ALJ erred in rejecting the opinion of Dr. Zamfirov, her treating physician. The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. § 404.1527. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). If a treating physician's medical opinion is not assigned controlling weight, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c).

In this case, the ALJ rejected the opinion of Dr. Zamfirov because it was inconsistent with "the conservative treatment course he has employed," his treatment notes indicating that Ms. Jarvis derived relief from rest and medication, and Ms. Jarvis's self-reported daily activities. (Tr. 20). To the contrary, Ms. Jarvis claims: (1) that the medical evidence of record clearly supports the limitations in Dr. Zamfirov's opinion; (2) that the ALJ's statement—that Dr. Zamfirov's treatment notes undermine Dr. Zamfirov's opinion—is itself contradictory; and (3) that contrary to the ALJ's assessment, Dr. Zamfirov's opinion is consistent with Ms. Jarvis's self-reported daily activities. Notably, although the ALJ rejected Dr. Zamfirov's opinion, he nevertheless determined that Ms. Jarvis suffered from significant functional limitations, which are reflected in his RFC assessment. In support of her argument, Ms. Jarvis cites a variety of medical evidence of record. Ms. Jarvis has not explained, however, why the medical evidence she cites supports greater limitations than those found by the ALJ, or moreover, why the evidence she cites supports the extreme limitations opined by Dr. Zamfirov. Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In evaluating Dr. Zamfirov's opinion, the ALJ considered the proper regulatory factors, and he provided substantial evidence in support of his decision to reject Dr. Zamfirov's opinion that Ms. Jarvis is incapable of performing any work.

Ms. Jarvis's remaining arguments take issue with the ALJ's evaluation of her mental impairments. Ms. Jarvis claims that, at step two of the sequential evaluation, the ALJ erred by

determining that her mental impairments are not severe. Pl.'s Mem. 11–12. Step two is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987). An impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). At step two, the claimant bears the burden of production and proof. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Ms. Jarvis contends that her mental impairments are severe because they constitute more than a "slight abnormality" and because they have more than a minimal effect on her ability to do basic work activities. However, Ms. Jarvis has neither alleged, nor identified evidence of, any specific work-related limitation caused by her mental impairments. In evaluating the severity of mental impairments, the ALJ employs the "special technique" set forth in 20 C.F.R. § 404.1520a, evaluating a claimant's degree of functional limitation in four broad areas: (1) daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation. An impairment is deemed "not severe" if it results in mild or no limitation in the first three areas, and no limitation in the fourth area. In this case, the ALJ evaluated each functional area, determined that Ms. Jarvis suffers from mild limitation in the first three areas and no limitation in the fourth area, and concluded that her mental impairments were, thus, not severe. Ms. Jarvis does not contend that the ALJ's assessment of any particular area was erroneous, nor does she identify any evidence that contradicts the ALJ's ultimate determination. Rather, Ms. Jarvis simply notes that, prior to her hearing, she began receiving treatment from Ms. Rosenberg, who is a nurse practitioner associated with psychologist Dr. Adler, and who assigned her a GAF score of 50. Pl.'s Mem. 12. First, contrary to Ms. Jarvis's contention, the ALJ plainly considered Ms. Rosenberg's treatment notes, as evidenced by his citation to them. *See* (Tr. 13). Moreover, although nothing prohibits an ALJ from considering GAF scores as one component of his analysis, it is well established that GAF scores are not determinative of disability. *Kozel v. Astrue*, No. JKS–10–2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). The ALJ need not discuss every piece of evidence. *Reid v. Comm'r Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Accordingly, I find that the ALJ did not err in his application of the special technique, and that he provided substantial evidence in support of his determination that Ms. Jarvis's mental impairments are not severe.

Ms. Jarvis finally argues that, in evaluating her residual functional capacity, the ALJ should have provided a more detailed assessment of her mental ability to perform work-related activities. Pl.'s Mem. 13. Specifically, Ms. Jarvis argues that, pursuant to Social Security Ruling 96–8p, the ALJ should have discussed her abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. SSR 96–8p, 1996 WL 374184, at *6 (July 2, 1996). However, Ms. Jarvis once again has not alleged, either before the agency or in this appeal, that she suffers from limitations in any of those work-related mental activities. The ALJ did not err by failing to discuss limitations for which there is no evidence in the record, and further, Ms. Jarvis has not explained how she was prejudiced as a result of that failure. Thus, I find that the ALJ's assessment of Ms. Jarvis's RFC was in accord with proper legal standards and supported by substantial evidence.

*Kimberly Jarvis v. Commissioner, Social Security Administration*
Civil No. SAG-14-517
January 9, 2015
Page 4

      For the reasons set forth herein, Ms. Jarvis's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge